

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

AMIR RITCHIE,

Plaintiff,

vs.

EXPERIAN INFORMATION SOLUTIONS INC.; VERIZON; VERIZON WIRELESS; CREDIT ONE BANK, N.A.,

Defendants.

Case No.: 18 3423

COMPLAINT

FILED
AUG 13 2018
KATE BARKMAN, Clerk
By__________Dep. Clerk

Plaintiff, Amir Ritchie (hereinafter "Plaintiff") alleges:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA").

**JURSIDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k (d).

3. Venue is proper in this district under 28 U.S.C §1391(b).

**PARTIES**

4. Plaintiff is a natural person who at all relevant times has resided in Philadelphia, Pennsylvania.

5. Defendant Experian Information Solutions, Inc. ("Experian") is a business entity that regularly conducts business in Pennsylvania with its principal place of business as 475 Anton Blvd. Costa Mesa, California 92626.

6. Defendant Verizon ("Verizon") is a business entity that regularly conducts business in Pennsylvania with its principal place of business located at 500 Technology Drive, Suite 300 Weldon Spring, Missouri 63304.

7. Defendant Verizon Wireless ("VZW") is a business entity that regularly conducts business in Pennsylvania with its principal place of business located at 1 Verizon Way Basking Ridge, New Jersey 07920.

8. Defendant Credit One Bank, N.A. ("Credit One") is a business entity that regularly conducts business in Pennsylvania with its principal place of business located at 585 Pilot Road, Las Vegas, Nevada 89119.

## BACKGROUND

9. There are two types of reporting entities on consumer credit reports. One type of reporting entity is the credit reporting agency ("CRA"), which reports information about the Plaintiff to users of these credit reports. The second type is called a Furnisher in the credit reporting industry. A Furnisher is a creditor that furnishes information related to its experience with the Plaintiff to the CRAs.

10. Credit reporting activities of both the CRAs and Furnishers are regulated by the FCRA.

11. The FCRA's purpose is to ensure that CRAs and Furnishers follow proper procedure in ensuring that a consumer's credit report is reporting accurately.

12. Every credit report contains a number of lines representing a placeholder for a specific Furnisher to report about a debt or credit line incurred by a consumer. These lines are known as trade lines.

13. Trade lines have a number of fields which convey a significant amount of information to prospective creditors and which directly affect FICO credit scores.

14. The Date Opened field represents the date that the consumer opened the underlying account. The Date Opened should remain uniform throughout each credit report disclosing the trade line as this date does not change regardless of whether the original creditor sells the debt to a third party.

15. The Date of Status field represents the day a debt is deemed uncollectible and thus charged off. *Toliver v. Experian Info. Solutions, Inc.*, 973 F. Supp. 2d 707, 725 (S.D. Tex. 2013). The Date of Status corresponds to a separate Status segment of the trade line. The Status segment reveals various forms of information concerning the trade line.

16. The First Reported date reflects the date in which the debt had its first major delinquency or was first reported to the credit bureaus. *Toliver*, 973 F. Supp. 2d 723.

**ALLEGATIONS APPLICABLE TO ALL COUNTS**

17. This case revolves around three credit reporting errors on Plaintiff's Experian credit report: one inaccurate trade line from Verizon, one inaccurate trade line from VZW, and one inaccurate trade line from Credit One.

18. On or about October 2016, Plaintiff reviewed his Experian credit report listing the three trade lines.

19. The Verizon trade line (#354068452....) listed the Date Opened as September 2014, the Date of Status as September 2016 and the Date First Reported as September 2016.

20. The VZW trade line (#4246428050....) listed Date Opened as October 2014, the Date of Status as September 2016 and the Date First Reported as September 2016.

21. The Credit One trade line (#444796223017....) listed a Date of Status as May 2014.

22. On or about November 2016, Plaintiff again reviewed his credit report and noticed changes.

23. The Verizon trade line listed the Date Opened as September 2014, the Date of Status as October 2016 and the Date First Reported as October 2016.

24. The VZW trade line listed the Date Opened as October 2014, the Date of Status as October 2016 and the Date First Reported as October 2016.

25. The Credit One trade line listed the Date of Status as October 2016.

26. On January 10, 2017, Plaintiff disputed these trade lines and the date changes through counsel.

27. In response to the dispute, Plaintiff's February credit report listed different dates.

28. The Verizon trade line listed the Date Opened as September 2014, the Date of Status as January 2016 and the Date First Reported as January 2016.

29. The VZW trade line listed the Date Opened as October 2014, the Date of Status as December 2016 and the Date First Reported as December 2016.

30. The Credit One trade line listed the Date of Status as January 2017. This trade line also states that the account has been charged off four different times (January 2017, October 2016, May 2014, and April 2014).

31. Verizon, VZW, and Credit One are repeatedly changing dates that should not be changed, and Experian is allowing them to change these dates whenever a consumer disputes information on his or her credit report. There is only one Date Opened and Date First Reported date. In addition, the Date of Status should not change if there has been no activity.

32. In other words, Defendants are penalizing Plaintiff for exercising his statutory right to dispute inaccurate information on her credit report, and re-aging these accounts with every dispute.

33. Verizon did not provide a reasonable investigation into Plaintiff's dispute of its trade line.

34. VZW did not provide a reasonable investigation into Plaintiff's dispute of its trade line.

35. Credit One did not provide a reasonable investigation into Plaintiff's dispute of its trade line.

36. Experian did not provide a reasonable investigation into Plaintiff's dispute of the trade lines.

37. Verizon is reporting false and misleading information concerning the legal status of these alleged debts by changing the dates and re-aging the accounts.

38. VZW is reporting false and misleading information concerning the legal status of these alleged debts by changing the dates and re-aging the accounts.

39. Credit One is reporting false and misleading information concerning the legal status of these alleged debts by changing the dates and re-aging the accounts, and re-aging the accounts in this manner is a violation of the FCRA. *Toliver v. Experian Info. Solutions, Inc.*, 973 F. Supp. 2d 707, 727 (S.D. Tex.2013).

40. Experian would have discovered the misleading information had it conducted a good faith reasonable investigation, or had adequate reporting procedures in place.

41. The reporting of this information negatively reflects on Plaintiff's credit worthiness by lowering his credit score and negatively affecting credit decisions.

**COUNT I**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**BY EXPERIAN**

42. Plaintiff repeats, realleges, and reasserts the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

43. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

44. Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

45. Experian negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

46. After receiving Plaintiff's dispute highlighting the errors, Experian negligently and willfully failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i.

47. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

48. Experian's conduct, action and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grant him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

**COUNT II**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**BY VERIZON**

49. Plaintiff repeats, realleges, and reasserts the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

50. At all times pertinent hereto, Verizon was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

51. Verizon willfully and negligently supplied Experian with information about Plaintiff that was false, misleading, and inaccurate.

52. Verizon willfully and negligently failed to conduct an investigation of the inaccurate information that Plaintiff disputed.

53. Verizon willfully and negligently failed to report the results of its investigation to Experian.

54. Verizon willfully and negligently failed to properly participate, investigate, and comply with the reinvestigations that were conducted by Experian, concerning the inaccurate information disputed by Plaintiff.

55. Verizon willfully and negligently continued to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff to credit reporting agencies.

56. Verizon willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

57. Verizon's conduct, action and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Verizon was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grant him a judgment against Verizon for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

**COUNT III**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**BY VZW**

58. Plaintiff repeats, realleges, and reasserts the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

59. At all times pertinent hereto, VZW was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

60. VZW willfully and negligently supplied Experian with information about Plaintiff that was false, misleading, and inaccurate.

61. VZW willfully and negligently failed to conduct an investigation of the inaccurate information that Plaintiff disputed.

62. VZW willfully and negligently failed to report the results of its investigation to Experian.

63. VZW willfully and negligently failed to properly participate, investigate, and comply with the reinvestigations that were conducted by Experian, concerning the inaccurate information disputed by Plaintiff.

64. VZW willfully and negligently continued to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff to credit reporting agencies.

65. VZW willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

66. VZW's conduct, action and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C.

§ 1681n. In the alternative, VZW was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grant him a judgment against VZW for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

**COUNT IV**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**BY CREDIT ONE**

67. Plaintiff repeats, realleges, and reasserts the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

68. At all times pertinent hereto, Credit One was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

69. Credit One willfully and negligently supplied Experian with information about Plaintiff that was false, misleading, and inaccurate.

70. Credit One willfully and negligently failed to conduct an investigation of the inaccurate information that Plaintiff disputed.

71. Credit One willfully and negligently failed to report the results of its investigation to Experian.

72. Credit One willfully and negligently failed to properly participate, investigate, and comply with the reinvestigations that were conducted by Experian, concerning the inaccurate information disputed by Plaintiff.

73. Credit One willfully and negligently continued to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff to credit reporting agencies.

74. Credit One willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

75. Credit One's conduct, action and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Credit One was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grant him a judgment against Credit One for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.

Dated this 3rd day of August, 2018.

Respectfully Submitted,

Nicholas Linker, Esq.
ZEMEL LAW LLC
1373 Broad Street, Suite 203-C
Clifton, New Jersey 07013
T: 862-227-3106
nl@zemellawllc.com

JS 44 (Rev 06/17)  18-CV-3423

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)

**I. (a) PLAINTIFFS**
AMIR RITCHIE

**DEFENDANTS**
EXPERIAN INFORMATION SOLUTIONS, INC.; VERIZON; VERIZON WIRELESS; CREDIT ONE BANK, N.A.

**(b)** County of Residence of First Listed Plaintiff Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Zemel Law LLC
1373 Broad Street, Suite 203-C
Clifton, New Jersey 07013 T: 862-227-3106

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)* Click here for: Nature of Suit Code Descriptions

**CONTRACT**
☐ 110 Insurance; ☐ 120 Marine; ☐ 130 Miller Act; ☐ 140 Negotiable Instrument; ☐ 150 Recovery of Overpayment & Enforcement of Judgment; ☐ 151 Medicare Act; ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans); ☐ 153 Recovery of Overpayment of Veteran's Benefits; ☐ 160 Stockholders' Suits; ☐ 190 Other Contract; ☐ 195 Contract Product Liability; ☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation; ☐ 220 Foreclosure; ☐ 230 Rent Lease & Ejectment; ☐ 240 Torts to Land; ☐ 245 Tort Product Liability; ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
☐ 310 Airplane; ☐ 315 Airplane Product Liability; ☐ 320 Assault, Libel & Slander; ☐ 330 Federal Employers' Liability; ☐ 340 Marine; ☐ 345 Marine Product Liability; ☐ 350 Motor Vehicle; ☐ 355 Motor Vehicle Product Liability; ☐ 360 Other Personal Injury; ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
☐ 365 Personal Injury - Product Liability; ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability; ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 440 Other Civil Rights; ☐ 441 Voting; ☐ 442 Employment; ☐ 443 Housing/ Accommodations; ☐ 445 Amer. w/Disabilities - Employment; ☐ 446 Amer. w/Disabilities - Other; ☐ 448 Education

**PRISONER PETITIONS**
Habeas Corpus: ☐ 463 Alien Detainee; ☐ 510 Motions to Vacate Sentence; ☐ 530 General; ☐ 535 Death Penalty
Other: ☐ 540 Mandamus & Other; ☐ 550 Civil Rights; ☐ 555 Prison Condition; ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881; ☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act; ☐ 720 Labor/Management Relations; ☐ 740 Railway Labor Act; ☐ 751 Family and Medical Leave Act; ☐ 790 Other Labor Litigation; ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
☐ 462 Naturalization Application; ☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158; ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights; ☐ 830 Patent; ☐ 835 Patent - Abbreviated New Drug Application; ☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff); ☐ 862 Black Lung (923); ☐ 863 DIWC/DIWW (405(g)); ☐ 864 SSID Title XVI; ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant); ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 375 False Claims Act; ☐ 376 Qui Tam (31 USC 3729(a)); ☐ 400 State Reapportionment; ☐ 410 Antitrust; ☐ 430 Banks and Banking; ☐ 450 Commerce; ☐ 460 Deportation; ☐ 470 Racketeer Influenced and Corrupt Organizations; ☒ 480 Consumer Credit; ☐ 490 Cable/Sat TV; ☐ 850 Securities/Commodities/ Exchange; ☐ 890 Other Statutory Actions; ☐ 891 Agricultural Acts; ☐ 893 Environmental Matters; ☐ 895 Freedom of Information Act; ☐ 896 Arbitration; ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision; ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding; ☐ 2 Removed from State Court; ☐ 3 Remanded from Appellate Court; ☐ 4 Reinstated or Reopened; ☐ 5 Transferred from Another District *(specify)*; ☐ 6 Multidistrict Litigation - Transfer; ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Credit Reporting Act, 15 U.S.C. 1681 et seq.
Brief description of cause:
Illegal and false credit reporting

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. DEMAND $
CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*: JUDGE DOCKET NUMBER

DATE 08/03/2018 SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY
RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

AUG 13 2018



UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

18 3423

## DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 5729 Nassau Rd, Philadelphia, PA 19131

Address of Defendant: 475 Anton Blvd, Costa Mesa, CA 92626/ 500 Technology Drive, Suite 300, Weldon Spring, MO 63304/ 1 Verizon Way, Basking Ridge, NJ 077920/ 585 Pilot Rd, Las Vgas, NV 89119

Place of Accident, Incident or Transaction: 5729 Nassau Rd, Philadelphia, PA 19131

***RELATED CASE, IF ANY:***

Case Number ______ Judge ______ Date Terminated ______

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☑
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☑
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☑
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above

DATE 08/03/2018 [signature] 321521
*Attorney-at-Law / Pro Se Plaintiff* *Attorney I D # (if applicable)*

**CIVIL: (Place a √ in one category only)**

***A. Federal Question Cases:***

- ☐ 1 Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2 FELA
- ☐ 3 Jones Act-Personal Injury
- ☐ 4 Antitrust
- ☐ 5 Patent
- ☐ 6 Labor-Management Relations
- ☐ 7 Civil Rights
- ☐ 8 Habeas Corpus
- ☐ 9 Securities Act(s) Cases
- ☐ 10 Social Security Review Cases
- ☑ 11 All other Federal Question Cases *(Please specify)* FCRA, 15 U.S.C 1681 et seq.

***B. Diversity Jurisdiction Cases:***

- ☐ 1 Insurance Contract and Other Contracts
- ☐ 2 Airplane Personal Injury
- ☐ 3 Assault, Defamation
- ☐ 4 Marine Personal Injury
- ☐ 5 Motor Vehicle Personal Injury
- ☐ 6 Other Personal Injury *(Please specify)* ______
- ☐ 7 Products Liability
- ☐ 8 Products Liability – Asbestos
- ☐ 9 All other Diversity Cases *(Please specify)* ______

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration )*

I, Nicholas Linker, counsel of record *or* pro se plaintiff, do hereby certify

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs

☐ Relief other than monetary damages is sought

DATE 08/03/2018 [signature] 321521
*Attorney-at-Law / Pro Se Plaintiff* *Attorney I D # (if applicable)*

NOTE A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

*Civ 609 (5/2018)*

AUG 13 2018



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| AMIR RITCHIE<br>v.<br>EXPERIAN INFORMATION SOLUTIONS, INC., VERIZON; VERIZON WIRELESS; CREDIT ONE BANK, N.A. | : | CIVIL ACTION<br>NO. 18 3423 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 8/3/2018 | Nicholas Linker | Plaintiff, Amir Ritchie |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 862-227-3106 | 973-282-8603 | nl@zemellawllc.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

AUG 13 2018